

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00040-CR
_____

EX PARTE ANGEL ALBERTO RUIZ VALLESTEROS

On Appeal from the County Court
Kinney County, Texas
Trial Court No. 13329CR

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

# MEMORANDUM OPINION

As part of Operation Lone Star (OLS), Angel Alberto Ruiz Vallesteros, a noncitizen, was arrested for criminal trespass in Kinney County, Texas. Vallesteros appealed the trial court's denial of his application for a pretrial writ of habeas corpus, which sought dismissal of his criminal charge based on a violation of his rights under the United States Constitution's Equal Protection Clause and the Texas Constitution's Equal Rights Amendment. *See* U.S. CONST. amend. XIV; TEX. CONST. art. 1, § 3(a). Specifically, Vallesteros argued the State's selective prosecution of men, and not similarly situated women, for criminal trespass as part of OLS violated his state and federal equal protection rights.

In line with the precedent of the Fourth Court of Appeals, we previously determined that Vallesteros's claim was cognizable, a decision upheld by the Texas Court of Criminal Appeals in *Ex parte Aparicio*, No. PD-0461-23, 2024 WL 4446878, at *8 (Tex. Crim. App. Oct. 9, 2024). Even so, in *Ex parte Aparicio*, the Texas Court of Criminal Appeals reversed the Fourth Court's decision finding that Aparicio had made a prima facie case for selective prosecution based on his gender. Because we were bound by the precedent of the Fourth Court of Appeals,[1] and their decision in *Ex parte Aparicio* had not yet been reversed, we likewise determined that Vallesteros had made a prima facie case of selective prosecution based on gender discrimination, although our prior opinion noted that, if we were not "required to decide [the] case in accordance with the transferor court's precedent," we would have decided the case differently. *Ex parte Vallesteros*, No. 06-24-00040-CR, 2024 WL 1632070, at *1 (Tex. App.—Texarkana Apr. 16, 2024) (mem.

---

[1]Originally appealed to the Fourth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.).

op., not designated for publication) (quoting TEX. R. APP. P. 41.3), *judgment vacated by Ex parte Campos*, Nos. PD-0434-24 & PD-0435-24, 2024 WL 5074600 (Tex. Crim. App. Dec. 11, 2024) (per curiam). After reversing the Fourth Court's decision in *Ex parte Aparico*, the Texas Court of Criminal Appeals remanded this matter to us to decide whether Vallesteros made a prima facie showing that he was arrested and prosecuted because of his gender.

As noted by our prior opinion, the evidence admitted at the hearing on Vallesteros's application for a writ of habeas corpus was "similar to the evidence submitted in . . . *Ex parte Aparicio*." *Ex parte Vallesteros*, 2024 WL 1632070, at *2. The Texas Court of Criminal Appeals analyzed this evidence in great detail in *Ex parte Aparicio* and concluded that it was insufficient to make a prima facie showing of selective arrest and prosecution based on gender. *Ex parte Aparicio*, 2024 WL 4446878, at *11–12, *14. For the same reasons discussed in *Ex parte Aparicio*, we find that Vallesteros "did not show by 'exceptionally clear evidence' that the OLS mindset administering the facially neutral criminal trespass law was 'so unequal and oppressive' against him *because* he is male." *Id.* at *14. As a result, we affirm the trial court's denial of Vallesteros's pretrial writ of habeas corpus on the merits.

Charles van Cleef
Justice

Date Submitted:     December 11, 2024
Date Decided:        December 19, 2024

Do Not Publish

3